IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES LOUIS DIARTE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER CONTINUING TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Case No. 1:20-CR-111 TS<br><br>District Judge Ted Stewart |

This Order Continuing Trial and Excluding Time Under the Speedy Trial Act is entered in response to the outbreak of the Coronavirus Disease ("COVID-19") in the District of Utah.

On March 13, 2020, a National Emergency was declared in response to the nationwide outbreak, which the World Health Organization has declared a global pandemic. The numbers of confirmed COVID-19 cases and deaths within the United States continue to increase daily. The United States has more COVID-19 cases as any other country.

The Centers for Disease Control and Prevention ("CDC") has issued guidance to combat the spread of COVID-19, and to promote the health and well-being of the nation. This guidance includes recommendations that all Americans avoid close contact with others (*i.e.*, being within six feet) and wear cloth face coverings in public or when around others. Despite this guidance, the CDC continues to report thousands of new COVID-19 cases in the United States each day. And available evidence suggests there is difficulty in accurately tracking the spread of COVID-19 because many cases go undetected due to varying degrees of symptoms and a lack of available testing.

In Utah, Governor Gary Herbert declared a state of emergency and issued a "Stay Safe, Stay Home" directive to all Utahns. The directive was initially set to expire on April 13, 2020, but was extended through May 1, 2020. Governor Herbert also extended the "soft closure" of all public schools for the remainder of the school year (*i.e.*, May 13, 2020, to June 5, 2020, depending on the school). Recently, the State moved to "low risk" as case counts appeared to have leveled off. But since then, there has been a statewide spike in case counts. The "low risk" stage still imposes strong restrictions on the general public, particularly in group activities in small spaces. Persons who are older, immunocompromised or considered at high risk of contracting the virus must still take strict precautions.

Additionally, Chief Judge Robert J. Shelby has issued several General Court Orders in response to the outbreak of COVID-19 in the District of Utah.

- General Order 20-008 placed restrictions on visitors to the District's courthouse effective March 12, 2020, until further order.

- General Order 20-009 postponed most civil and criminal proceedings, and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act[1] for all criminal cases in the District from March 16, 2020, through May 1, 2020.

- General Order 20-010 modified court operations for some criminal proceedings and offender supervision effective March 23, 2020, until further order.

- General Order 20-011 expanded video and teleconferencing capabilities for many criminal proceedings under the Coronavirus Aid, Relief, and Economic Security Act effective March 31, 2020, and continuing for 90 days.

- General Order 20-012 extended the postponement of most civil and criminal proceedings to June 15, 2020, and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act[2] for all criminal cases through June 15, 2020.

---

[1] 18 U.S.C. § 3161(h)(7)(A).

[2] *Id*.

2

- General Order 20-017 extended the postponement of most civil and criminal proceedings to August 1, 2020, and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act[3] for all criminal cases through August 1, 2020.

- General Order 20-021 extended the postponement of most civil and criminal proceedings to September 1, 2020, and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act[4] for all criminal cases through September 1, 2020.

- General Order 20-026 extended the postponement of civil and criminal trials to October 1, 2020, and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act[5] for all criminal cases through October 1, 2020.

- General Order 20-029 extended the postponement of civil and criminal trials to November 2, 2020, and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act[6] for all criminal cases through November 2, 2020.

- General Order 20-030 extended the postponement of civil and criminal trials to February 1, 2021, and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act[7] for all criminal cases through February 1, 2021.

- General Order 21-001 extended the postponement of civil and criminal trials to April 1, 2021, and included findings and conclusions for an "ends of justice" exclusion of time under the Speedy Trial Act[8] for all criminal cases through April 1, 2021.

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[9] However, based on the ongoing nature of the COVID-19 outbreak in the District, the effect of national and local public health recommendations and directives (including restrictions on travel and the availability of hotel accommodations), and the findings and conclusions in Chief Judge Shelby's

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).

General Orders 20-009 through 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, and 21-001 it is necessary and appropriate to continue trial in this case and exclude time under the Speedy Trial Act. The expanding number of COVID-19 cases and deaths nationally, and in Utah, and Governor Herbert's extension of the "Stay Safe, Stay Home" directive and "soft closure" of public schools demand modifications in court practices to protect the public health. Courts and court operations are necessarily social operations, involving many people.

The need to protect the health of the public in the midst of a deadly pandemic outweighs the rights of Defendant and the public to a speedy trial. Moreover, there is a significantly reduced ability to obtain an adequate spectrum of jurors and available counsel, witnesses, and court personnel to be present in the courtroom for trial. Empaneling a jury, conducting a trial, and arranging jury deliberations, with due regard for health and safety, considering the broad spectrum of participants and their contacts outside the court, is not currently possible in the physical facilities available to the court. Long exposure in confined spaces, which is inherent in trial, increases risk of infection. Video and audio conferencing, used for hearings, are not available for trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to confer with Defendant, under these circumstances is also greatly reduced.

A failure to continue trial under these circumstances would result in a miscarriage of justice[10] and would deny counsel for the government and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[11] Therefore, the ends of justice served by such a continuance outweigh the best interests of the

---

[10] 18 U.S.C. § 3161(h)(7)(B)(i).

[11] Id. § 3161(h)(7)(B)(iv).

public and Defendant in a speedy trial.[12] This continuance is not predicated on general

congestion of the court's calendar or lack of diligent preparation by counsel.[13]

### ORDER

IT IS HEREBY ORDERED the 5-day jury trial previously scheduled to begin on

February 8, 2021, is continued to the 5th day of April, 2021, at 8:30 a.m. Accordingly, the time

from the entry of General Order 20-009, March 16, 2020, and the new trial date is excluded from

Defendant's speedy trial computation for good cause.

Signed February 24, 2021.

BY THE COURT

_____
Ted Stewart
United States District Judge

---

[12] *Id.* § 3161(h)(7)(A).

[13] *Id.* § 3161(h)(7)(C).